**UNITED STATES DISTRICT COURT**  JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00052-DOC-JDE                                      Date: September 8, 2020

Title: MAL KIM v. XIE DONG et al

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [21]**

Before the Court is Plaintiff Mal Kim's ("Plaintiff") Application for Default Judgment ("Application") (Dkt. 21). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court hereby GRANTS the Plaintiff's Application.

**I.   Background**

   **A.   Facts**

The following facts are drawn from the Complaint (Dkt. 1). Plaintiff is a California resident with a physical disability who requires the use of a wheelchair at all times while traveling in public. Compl. ¶ 4. On or about September 19, 2019, Plaintiff went to a business called "China Town Express" (the "Business"), located at 375 E. Whittier Blvd., La Habra, CA (the "Property"), and allegedly owned by Defendant Xie Dong ("Defendant"). *Id.* ¶¶ 5, 9. Plaintiff alleges the Business is open to the public, a place of public accommodation, and a business establishment. *Id.* ¶ 9. According to Plaintiff, the parking spaces access aisles at the Business do not comply with the American with Disabilities Act ("ADA"). *Id.* ¶ 10.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00052-DOC-JDE		Date: September 8, 2020

Page 2

### B. Procedural History

On January 9, 2020, Plaintiff filed the Complaint, followed by proof of service on April 7, 2020 (Dkt. 10). On April 24, 2020, Plaintiff filed a Request for Entry of Default (Dkt. 12), which was granted on April 27, 2020 pursuant to Federal Rule of Civil Procedure 55(a) (Dkt. 13). Plaintiff filed the instant Application on July 24, 2020.

Plaintiff requests injunctive relief to remedy the alleged ADA violations and attorney's fees and costs. *See generally* Appl.

## II. Application for Default Judgment

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default justment following the netry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00052-DOC-JDE	Date: September 8, 2020

Page 3

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### B. Discussion

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Application.

### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.* Plaintiff alleges that she has encountered barriers at the Business and is being deterred from further patronizing the Business. Defendants have failed to defend against the action, denying Plaintiff her rights under the ADA. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### 2. Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. Of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff alleges that Defendants own, operate, and/or lease the Business and are therefore liable for violating the ADA, if Plaintiff shows that she suffered discrimination at the location due to her disability. Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00052-DOC-JDE                                    Date: September 8, 2020

Page 4

As a threshold matter, Plaintiff has standing to pursue her ADA claim. Plaintiff alleges that she was denied access to the Business and is deterred from going in the future, and the Court accepts these allegations as true because of Defendants' default. *See Fair. Hous. Of Marin*, 285 F.3d at 906; *see also* Compl. ¶ 11. Plaintiff also alleges that the architectural barriers at issue were the cause of the denial of access to the Business. *See id.* Plaintiff has also shown that she was denied public accommodation as a result of her disability.

Injunctive relief may address these issues. However, where injunctive relief is sought, a plaintiff must demonstrate "significant possibility of future harm." *See San Diego Cty. Gun Rights Comm v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

> Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). Here Plaintiff alleges that she "is being deterred from visiting the Business. . . ." Compl. ¶ 11. Thus, Plaintiff has standing to pursue injunctive relief.

Plaintiff has also shown that she is disabled under the ADA. The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. 12102(1)(A). Major life activities include walking and standing. *Id.* § 12102(2)(A). Here, Plaintiff asserts she must rely on a wheelchair for mobility. Compl. ¶ 4. Therefore, Plaintiff is disabled under the ADA.

Plaintiff has further shown that Defendants are a private entity that own, lease, or operate the Business as a place of public accommodation. A restaurant is a place of public accommodation. *See id.* § 12181(7)(B). Plaintiff asserts that the Defendants owned the Property and/or the Business. Accepting these allegations as true, Plaintiff has shown Defendants own a place of public accommodation.

Finally, Plaintiff has shown that removal of the architectural barriers is readily achievable. Plaintiff alleges that the above violations "have the financial resources to remove these barriers without much difficulty or expenses to make the Business

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00052-DOC-JDE											Date: September 8, 2020

Page 5

accessible." Compl. ¶ 14. Indeed, federal regulations provide examples of readily achievable removals. Under 28 C.F.R. § 36.304(b), readily achievable ways of removing barriers include "installing ramps" and "making curb cuts in sidewalks and entrances." Thus, Plaintiff has sufficiently shown removal of the barriers is readily achievable. The Court finds that Plaintiff has stated a cause of action under the ADA.

### 3.     Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This requires the Court to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted."). "Default judgment is disfavored when the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, because the state law claims have been dismissed, Plaintiff can only pursue attorney's fees. Such an award is not disproportional to the harm caused. The Court determines that the fourth *Eitel* factor weighs in favor of default judgment.

### 4.     Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to properly respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here Plaintiff provided a well-pleaded complaint and Defendants failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00052-DOC-JDE						Date: September 8, 2020

Page 6

### 5.     Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendants were properly served with the Complaint and the Application. *See* Dkts. 10, 21-5. However, no answer or other response was filed. Defendants have simply made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6.     Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the very existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiff's complaint makes a decision on the merits impractical, if not impossible."). Since Defendants have not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against the Defendants.

### C.     Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00052-DOC-JDE                                                                                              Date: September 8, 2020

Page 7

naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

### 1.    Injunctive Relief

Plaintiff seeks injunctive relief under the ADA. "In the case of violations [of the accessibility provisions] of [the ADA], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ." 42 U.S.C. § 12188(a)(2). Injunctive relief is proper here, as the Court has found Plaintiff has pleaded a valid claim under the ADA and the removal of the barriers is readily achievable. Therefore, the Court ORDERS Defendants to remove barriers at the Business to the extent Defendants can legally do so. Defendants are hereby REQUIRED to remove the barriers described in Plaintiff's Complaint.

### 2.    Attorney's Fees and Costs

Despite entry of default, the Court is concerned with affixing a large sum of attorney's fees for ADA actions, such as this, against small businesses—especially during a global pandemic. Small businesses are hurting greatly during this unfortunate emergency. Though Plaintiff has the right to visit businesses that comply with the law, attorney's fees are left to the discretion of the Court. The Court must balance providing compensation for attorneys who protect civil rights with ensuring that defendants are given a fair shake if they attempt to remedy their violations. The Court is satisfied the Plaintiff's rights are protected with injunctive relief. Furthermore, given the competing concerns described above, and given the unprecedented pandemic afflicting the United States and crippling small businesses, the Court awards $462 in attorneys' fees and costs in the amount of $538. The total amount of fees and costs is $1000.

## III.    Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Application for Default Judgment. In particular, the Court ORDERS injunctive relief and $1000 in attorney's fees and costs.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 20-00052-DOC-JDE | Date: September 8, 2020 |
| | Page 8 |

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kd |

CIVIL-GEN